FILED
09/19/2024
*Amy McGhee*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Alisha Wiley
DV-32-2024-0000849-PI
Deschamps, Robert L III
1.00

Christopher W. Froines
FROINES LAW OFFICE, PC.
Century Plaza Building
3819 Stephens Ave., #301
Missoula, Montana 59801
406.829.3303
(Fax) 877.688.4696
chris@froineslawoffice.com
   *Attorney for Plaintiff*

MONTANA FOURTH JUDICIAL DISTRICT COURT
MISSOULA COUNTY, MONTANA

| PATRICK HILL<br>*Plaintiff,*<br><br>vs.<br><br>EAGLE CAV, LLC dba LYNN'S SUPER FOODS<br>*Defendant.* | Cause No.:<br>Dept.:<br><br>**COMPLAINT AND JURY DEMAND** |
|---|---|

For her Complaint, Plaintiff alleges as follows:

1.   At all times relevant to this case, Plaintiff is a resident of Hardin, Big Horn County, Montana.

2.   At all times relevant to this case, Defendant Eaglecav, LLC is a foreign corporation with headquarters located at 3435 West Main, Rapid City, South Dakota 57702. Defendant does business in Hardin, MT, operating a grocery store under the assumed business name Lynn's Superfoods.

3. The venue is proper in this Court under MCA § 25-2-122(2)(c), because Missoula County is the County where the Defendant Corporation's resident agent is located.

4. On March 30, 2024, Plaintiff was at defendant's store Lynn's Super Foods in Hardin, MT

5. At the same time as the plaintiff was exiting the store through the automatic doors, a store employee was pushing and pulling a long line of carts through the door into the store causing plaintiff to be pushed over the unmarked curb, falling to the pavement.

6. As a result of the fall, plaintiff sustained serious injuries, including but not limited to severe shoulder injuries requiring extensive reconstructive surgery.

7. Defendant's employee(s) failed to exercise ordinary care while at the same time pushing/pulling shopping carts into a small, automated doorway and not paying attention to Mr. Hill exiting the store.

8. Plaintiff has incurred general and special damages in an amount to be proven at trial.

9. As a result of defendant's negligence, Plaintiff has been required to employ physicians and surgeons to examine, treat and care for him and will continue to incur medical and incidental expenses.

## COUNT I – NEGLIGENCE

10. Plaintiff incorporates all previous paragraphs as fully set forth herein.

11. The defendant and their employees failed to exercise ordinary care in the operation of their business, allowing hazardous conditions to exist causing Plaintiffs' injuries.

12. Defendant failed to properly train its employees in a safe manner of moving shopping carts in and out of the store so as not to endanger its customers.

13. Defendant negligently failed to take steps to ensure conditions are safe or warn others of the dangerous condition causing Plaintiff's injuries.

## WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

1. For an award in favor of Plaintiff against Defendant for general damages in an amount to be proven at trial.

2. For an award in favor of Plaintiff against Defendant for special damages including medical bills in an amount to be proven at trial.

3. For cost of suit and;

4. For such other relief the Court deems just and proper.

RESPECTFULLY submitted this 19th day of September 2024.

FROINES LAW OFFICE, PC

By: /s/ Christopher W. Froines
Christopher W. Froines
*Attorney for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38 of Mont.R.Civ.P., Plaintiffs hereby demand a trial by jury on all issues of fact.

 /s/ Christopher W. Froines
Christopher W. Froines
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Christopher W. Froines, hereby certify that I have served true and accurate copies of the foregoing Complaint - Complaint to the following on 09-19-2024:

Philip Bradford Condra (Attorney)
PO Box 4947
Missoula MT 59806
Service Method: eService
E-mail Address: bcondra@bigskylawyers.com

Electronically signed by Patience Grace Woodill on behalf of Christopher W. Froines
Dated: 09-19-2024